IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
~~SOUTHERN~~ DIVISION
Jackson



SANFORD LAMAR BAILEY, JR.                           **PLAINTIFF**

V.                                    CIVIL ACTION NO. 3:07cv505DPJ-JCS

OPTION ONE MORTGAGE CORPORATION                     **DEFENDANTS**
                AND
ROBERT E. DUBRISH, MARK A. ERNST;
ALL OFFICERS OF THE CORPORATION;
ALL MEMBERS OF THE BOARD OF DIRECTORS;
ALL STOCKHOLDERS;
JOHN DOES 1-100, INDIVIDUALLY;
et al

                                        **JURY TRIAL DEMANDED**


## COMPLAINT


COMES NOW SANFORD LAMAR BAILEY, JR., pro se, hereinafter known as Plaintiff, and brings this action against Option One Mortgage Corporation and Robert E. Dubrish, Mark A. Ernst, All Officers of the Corporation, All members of the Board Of Directors, All Stockholders, John Does 1-100, et al, individually, hereinafter known as "Defendants". Plaintiff would respectively show unto this Honorable Court the following, to wit:

I.

### JURISDICTION AND VENUE

This is a civil action under the Fair Credit Reporting Act (FCRA); The United States Constitution, and the Civil Rights Act of 1964.

II.

PARTIES

Plaintiff, Sanford Lamar Bailey, Jr. is an adult resident citizen of 649 S. Wheatley Street, Ridgeland, Mississippi 39157.

Defendants are a registered corporation and individuals domiciled in the state of California, duly licensed to do business in the state of Mississippi and may be served process by service upon their registered agent for service of process as registered with the Secretary of the State of Mississippi as:

C T Corporation System, 645 Lakeland East Dr, STE 101, Flowood, Mississippi 39232.

III.

FACTS

Plaintiff entered into two separate installment contracts for the purpose of refinancing his homestead located at 649 South Wheatley Street and for the adjacent property located at 645 South Wheatley Street, both of which are located in Ridgeland, Mississippi 39157. These contractual agreements were executed on May 16, 2005 and the terms were set forth as follows:

1. Plaintiff requested payment dates for both contracts to be due on the 15th of each succeeding month due to the fact that plaintiff's social security check is produced on the 3rd Wednesday of each month. Defendants, over the objections of the plaintiff, ignored this request and set the due dates for the 1st of each month with assurance to the plaintiff that no payment would be considered past due until after 8:00PM on the 16th day of each successive month. Defendants offered to the plaintiff an option allowing the payment to be made instantly by online payment, and assured the plaintiff that no penalty or problem

would occur if the payment was made on or before 8:00 PM PST on the 16th day of each successive month. Plaintiff promptly and faithfully tendered each and every payment on or before 8:00PM on the 16th of each successive month. The payment amounts were set by the contractual documents at $677.83 for 649 and $481.21 for 645 South Wheatley Street per month, respectively.

2. Plaintiff would further show that each and every payment has been made or attempted to be made via this arrangement each month, but within a few months, for reasons unknown and never explained to the plaintiff, the payment amounts changed and each time plaintiff attempted to log in to his two accounts on the 16th of each month to pay the aforesaid amounts, the defendant's computer system refused to accept these payment amounts. Plaintiff immediately called the customer service number given by the defendants and attempted to resolve the situation and each of several times, plaintiff was greeted by an automated response and told to remain on hold to speak with a customer service representative that would be available momentarily. Plaintiff remained on hold for 47 minutes and then, in frustration, hung up. Within a day or so plaintiff called again and was again greeted by the automated system and placed on hold with the same assurance that a representative would answer very shortly. This time plaintiff remained on hold for 42 minutes, totally frustrated again before terminating the call. Plaintiff made several other attempts to contact the defendant's customer service department with the same frustrating results each time.

3. Plaintiff began to receive telephone calls usually beginning on the 1st of each month from representatives of the defendant, asking for payment. Plaintiff responded by explaining that their system was at fault and their system would not accept the correct payment amounts. Defendant's representatives responded with an offer of another payment method requiring added fees for handling. The plaintiff refused to pay these fees and asked that the system be corrected to accept the correct amount to resolve the issue. No change has been made to accommodate this request as of the filing of this complaint, and the plaintiff is refused the right to pay as agreed. Plaintiff attempts to pay the correct amounts on the 16th of each month before 8:00PM PST and the defendant's system have

refused the payments each time. Plaintiff then writes out two checks, one for $677.83 and the other for $481.21 and immediately places said checks in the U.S. mail to Option One Mortgage, P.O. Box 44042, Jacksonville, FL 32231-4042, which is the payment address given by the defendants. This procedure is followed diligently by the plaintiff, and has been done each month, paying the full amount due, yet the amounts given by the defendants in their almost daily telephone calls vary considerably. Plaintiff has made every effort to accommodate defendants, all to no avail. Plaintiff has received as many as seven telephone calls in one day regarding this matter, threatened with foreclosure proceedings and legal action, all of which would have been avoided with a simple date for payment adjustment as originally requested by the plaintiff.

4. It has become obvious to the plaintiff that the tactics used by the defendants are no more than fraud, extortion, and usury, and since the plaintiff has refused to comply with these threats and demands, defendants have generated false and untrue reports to the credit reporting agencies by stating that the plaintiff is 60 or more days in arrears on these payments, causing the plaintiff to suffer massive damage to his creditworthiness. At the latest count, defendant's actions have caused the plaintiff's credit score to fall to 498, which has made it impossible for the plaintiff to obtain credit elsewhere as all lending institutions are required to review the credit report of any application for credit. These actions by the defendants have caused plaintiff to sustain losses in excess of $100,000 per month or more, in lost sales revenue as plaintiff must have available credit for inventory to remain solvent, and defendant's actions have made it mandatory for the plaintiff to operate on a cash only basis which has severely limited his ability to carry on business in any normal fashion.

5. Defendants have now notified plaintiff that beginning September 1, 2007 the payment amounts will increase to $877.78 per month, with an interest rate of 10.6%. This usurious rate is obviously due to the plaintiff's poor credit score, which is a direct result of the defendant's actions which will continue unless strong legal measures are taken to bring these facts before this Honorable Court.

6. Plaintiff would state unto this Honorable Court that defendants have repeatedly called and harassed the plaintiff about these payments even after the checks for these payments have cleared plaintiff's bank account and defendants have admitted same during these telephone conversations. Plaintiff has called this to their attention countless times to no avail as defendant's response is that this payment is applied to some other charges which are non-existent and are absolutely without any foundation.

7. Plaintiff would further point out that the defendants have informed the plaintiff that they have no record of these payments yet each and every payment has cleared plaintiff's bank account and is properly endorsed by defendants and stamped by their bank. Plaintiff would also point out that Option One Mortgage Corporation is owned by H&R Block, who is the nationally advertised tax and accounting giant, yet we are asked to believe that this organization is unable to maintain a simple accounting record of a payment history on two installment mortgage accounts. Furthermore, all efforts to communicate with them are turned into a total state of confusion to which there seems to be no end. As of the filing date of this complaint, plaintiff continues to suffer enormous damages to his personal and business credit as well as the constant harassment and threats contained in the barrage of never ceasing telephone calls.

8. Defendant's actions constitute a willful and wanton disregard for the rights and well-being of the plaintiff and clearly violate sections of the Fair Credit Reporting Act (FCRA) and possibly violations of civil, Constitutional and other rights as can only be determined by discovery procedures as defendants have refused to communicate in any normal fashion to rectify this matter. Therefore plaintiff is forced to file this complaint and will state unto this Honorable Court that an amended complaint will follow as permitted by discovery of the additional charges and violations. Plaintiff acknowledges that this complaint is hastily prepared, but apparently no other remedy exists for the plaintiff. It is obvious that the defendants intend to pursue any methods, without any regard for the plaintiff's rights in an attempt to justify their actions.

Wherefore Premises Considered, Plaintiff prays that this complaint be received and filed and that summons be issued and served upon defendants demanding them to answer or otherwise defend the allegations contained in this complaint, and that upon a hearing heron, this Court will award unto the plaintiff actual and punitive damages in an amount of $1.5 million dollars in actual damages, and $6 million dollars in punitive damages plus all costs, or in the alternative, an amount to be determined at a trial by jury hereof.

Additionally, plaintiff is filing an emergency motion requesting a stay of any increase in payment amounts by the defendants or until a hearing may be held on this matter.

Respectively submitted,



Lamar Bailey, pro se

Lamar Bailey
P.O. Box 1917
Ridgeland, Ms. 39158

Telephone: 601.856.3208
Facsimile:  601.853.3676
Email: lamarbailey@bellsouth.net

<u>CERTIFICATE OF SERVICE</u>

I  HEREBY CERTIFY that I have caused a true and correct copy of the foregoing document to be served on the following via personal service on:

OPTION ONE MORTGAGE CORPORATION
AND
ROBERT E. DUBRISH, MARK A. ERNST;
ALL OFFICERS OF THE CORPORATION;
ALL MEMBERS OF THE BOARD OF DIRECTORS;
ALL STOCKHOLDERS;
JOHN DOES 1-100, INDIVIDUALLY;
et al

By service of process on their registered agent for service of process:

C T Corporation System
645 Lakeland East Dr, STE 101
Flowood, Mississippi 39232.

SO SWORN, this the 27th day of August 2007.

_____
Lamar Bailey Jr. pro se