UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SANFORD LAMAR BAILEY, JR.                                                                           PLAINTIFF

VS                                                           CIVIL ACTION NO. 3:07CV505 DPJ-JCS

OPTION ONE MORTGAGE CORP., ET AL.                                                       DEFENDANTS

ORDER

This cause is before the Court on two motions. First, Defendant filed a motion for summary judgment [21]. When Plaintiff failed to respond, the Court entered a show cause order directing him to respond or confess the motion. Instead of responding to the motion, Plaintiff filed a motion to transfer this case to the Bankruptcy Court [24], which is opposed by Defendant. Having considered the parties' submissions, along with the pertinent authorities, the Court finds that Plaintiff's motion to transfer [24] should be granted.

Plaintiff refinanced his home and an adjacent piece of property with Defendant Option One Mortgage in 2005. After disputes about his payments on the loans arose, Plaintiff filed this action on August 27, 2007, alleging claims of fraud and usury, as well as violations of the Fair Credit Reporting Act (FCRA). Plaintiff has now moved to transfer of this case to the Bankruptcy Court due to his filing for Chapter 11 bankruptcy on June 24, 2008.

In response to the motion to transfer, Defendant makes two points. First, Defendant points out that the automatic stay provision of 11 U.S.C. § 362 does not apply because this action was commenced by the Debtor before he filed for bankruptcy protection and there are no counterclaims asserted against the Debtor. *See In re U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994) (noting that "[t]he automatic stay of the Bankruptcy Code extends only to action 'against the debtor'" (quoting 11 U.S.C. § 362(a))); *see also Crosby v. Monroe County*, 394 F.3d

1328, 1331 n.2 (11th Cir. 2004) (observing that automatic stay provision "does not extend to lawsuits initiated by the debtor").  Second, Defendant relies on 28 U.S.C. § 1334(b), which provides that the district court has "original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  (Emphasis added.)

While the district court has jurisdiction over this action, it may refer this action to the Bankruptcy Court pursuant to 28 U.S.C. § 157.  Section 157 authorizes district courts to refer to bankruptcy judges cases under title 11, cases arising under title 11, and cases arising in or related to a case under title 11.  "Proceedings 'related to' a bankruptcy case include 'causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541' . . . ." *In re Keener*, Bankruptcy No. 03-44804, 2008 WL 912933, at *1 (Bankr. S.D. Tex. April 2, 2008) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)).

The Court finds that this case should be referred to the United States Bankruptcy Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 157 and the "Nunc Pro Tunc Referral of Bankruptcy Matters to Bankruptcy Judges" Order entered on July 23, 1984.

**SO ORDERED AND ADJUDGED** this the 12th day of January, 2009.

                               s/ *Daniel P. Jordan III*
                               UNITED STATES DISTRICT JUDGE